The first is number 212341, Deshner v. McDonough. Mr. Carpenter. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Deshner. Before I begin, I must apologize to the Court for having overlooked a footnote in the government's brief at page 8 of their brief. It was at the very end of the Statement of Proceedings. In that footnote, the Secretary indicates clearly that the VA now disagrees with the Veterans Court's conclusion that Mr. Deshner would have been ineligible for scheduler TDIU between the periods of March 2015 and June 2016 if his tinnitus and PTSD were considered to be one disability. It seems to me, Your Honor, that that addresses both of the issues that we wish to present to the Court this morning dealing with the Chenery question and with the merit question of whether or not there was or was not a misinterpretation of 4.16. As regards the Chenery issue, the basis for the Board's remand in this case on the issue of TDIU prior to the date of June 14th I'm sorry, Your Honor. I'm trying to be clear in my own mind what you're drawing from the government's concession. The concession is that he'd be eligible for it but he'd still have to prove his inability to work? Well, he would have met the scheduler requirements as he did with the single disability rated 70 which was granted by the Board back to the date of June 2016. There's an approximate three year period prior to that date in which the Board made a determination that it lacked jurisdiction to continue to consider the issue of TDIU and remanded on the basis of a purported lack of jurisdiction. We appealed to the Veterans Court and presented to the Veterans Court the question of whether or not the Board was obligated to at least have considered under 4.16 of A2. But the concession only goes to, it only has impact if you turn out to be right on your construction of common etiology, is that right? I don't believe so, Your Honor, because the way that the regulation is written and I will concede that it is a very long run-on sentence and hard to follow but it is a provided section after a colon which is then followed by two descriptors of what constitutes eligibility for TDIU. One being a 70% rating with two or more disabilities, one of which is rated at least 40, but a single disability rated at 60% if two or more disabilities are rateable at 60%. The decision by the Veterans Court was that Mr. Deschner could not rely upon that provision but only could rely upon the latter provision of that sentence of 4.16 before you get to the question of common etiology. And in fact what Judge Peach said was that it was necessary to consider the non-compensable hearing laws in order to determine eligibility for a combined 70 which Mr. Deschner clearly does not meet and was not seeking. He was presenting to the court an error of law made by the board for the failure to consider and apply an applicable provision of law which was under the plain language of 4.16 an alternative means of obtaining the scheduler criteria. Where is the government putting that as you're referring to? It's at page 8 of their brief, Your Honor, at the very top. It is the continuation or the last sentence, if you will, of the statement of proceedings below before they begin their summary of argument and it's set out for about a half a page continuing on to page 9 with just one additional line. The government points out there that the Veterans Court, I think, found that you did not present your common etiology argument to the board. That's correct, Your Honor. Do we have jurisdiction to review the Veterans Court's determination that you did not present the argument to the board? Well, I believe you do, Your Honor, if the Veterans Court relied upon a misinterpretation of the regulation and the government, in our view, has conceded that, in fact, the Veterans Court did make a misinterpretation of that portion by including the requirement to have the third disability, the non-compensable hearing loss, considered before you got to the question of common etiology. Wait a moment. I'm not understanding. How is it that if you didn't raise an issue, that even if the board addressed it, that we have jurisdiction over it? You have jurisdiction, Your Honor, over the question of interpretation. The question of interpretation was presented below and is presented before this court. What do you mean the question of interpretation was presented below? Whether or not the board, in the first instance, had jurisdiction over the entire question of TDIU, including the alternative basis for creating scheduler eligibility under 4.16a. 4.16a has several alternative ways in which a veteran can qualify for the scheduler rating. Is what you're saying that because the issue of the availability of the rating was raised below that you can make new arguments here in support of that rating? I can't make new arguments here. I can make new arguments before the Veterans Court, which we did. And that new argument had to do with the fact that the board said it lacked jurisdiction. And we challenged that on the basis that 4.16a.2 provided an alternative means, other than just a single rating at 70% for his PTSD, for establishing his scheduler eligibility in the approximate year and a half earlier. And that the board had a statutory obligation to apply that applicable provision of law. 7104a makes it clear that the board is required to consider all potentially applicable provisions of law, which was the issue that was before them under the question of TDIU, the only statutory or regulatory provision. There are plenty of cases where the Veterans Court doesn't consider an issue which wasn't properly raised, right? That's correct, Your Honor, but that's under the question of issue preclusion. There is only one issue here, and that is an issue of TDIU. There are alternative theories for entitlement to TDIU that there should be no reason why a veteran should be prohibited from presenting those when the board was obligated by statute to consider all of those alternative theories. When the board said it didn't have jurisdiction, didn't it mean only with respect to extra scheduler, TDIU? And do you agree that they don't have jurisdiction initially over a request for extra scheduler, TDIU? Well, I don't, and I did not argue that in the brief, but it is not material to the question here. The question here is that the Veterans Court denied Mr. Deschner the opportunity for judicial review as to whether or not he was or was not entitled to have the board consider 4.16a2. Mr. Carpenter, is that what happened? Was that a denial, or did the board simply say it did not have to decide that? We believe that it was a denial, Your Honor, and if it was not an explicit denial... Am I correct that the board said we don't have to decide this? Well, they said that they could not decide it, and that seems to me to be the difference, Your Honor, and they're also asserting that they could not because they did not have jurisdiction. Okay, well then, the issue is they did not decide that issue. They did not decide the issue of the year and a half under 4.16a2. That's correct. And we believe that they had a statutory obligation under 7104a to consider that applicable provision before they decided to issue the remand. In other words, there was about an 18-month window here in which the board could have, as it did with the PTSD at 7... That's what the Veterans Court sent back down to the board. That's one of the decisions that it's to make. But, Your Honor, we believe that that is not lawful under their statutory obligation to consider potentially applicable provisions of law. They considered one provision of 4.16 and decided that, yes, the board had made an error and that TDIU was eligible, or excuse me, that the board had not made an error by granting TDIU under 4.16 because PTSD was rated at 70% alone. But in that year and a half prior, he was rated at 50% and 10% for the tinnitus. Those two combine under the combined rating table and meet the criteria for a2 for being considered under 4.16 as a single disability. And that was the legal error. If we decide that this appeal is not right, why wouldn't you be able to bring those arguments at a later time? I mean, all of your arguments. Well, other than the delay, Your Honor, we certainly would be able to bring them. And as a matter of fact, because... The only question here is delay. Absolutely. Yes, Your Honor. Mr. Deschner was continuously prosecuting this case in order to get the maximum benefit available. That's what... that stands for the proposition that you cannot find rightness if delay is involved. Well, the authority that we rely upon is the Secretary's own statement of public policy in which at 4.103 of the VA's regulation... But you don't have a legal case for that. Well, there are several veterans court cases that say that that regulation imposes a duty to maximize on the part of both the VA in the first instance and the board in the second instance. This may be that this is not a rightness issue, but it seems to be a finality issue in the sense that there's no final judgment that you're not entitled to TDIU. And, Your Honor, we believe that it cannot be a finality issue as a matter of law because there was an alternative basis for consideration. And at the very least, he was entitled to a decision by the board saying no. If a claim could be resolved in the veteran's favor and there's a remand, our cases say that there's no finality under those circumstances. Why doesn't that apply here? Well, it doesn't apply here for several reasons, Your Honor. First and foremost is that in this case, the only issue that was before the board besides the question of whether there was a 3.156B violation was the issue of TDIU. That's the only issue. I don't think you're responding to my question. We have said, even though it's not a jurisdictional requirement, there's a finality requirement here. And given the remand and the possibility that he would secure TDIU under other theories, why is there not a lack of a final judgment here? Because I do not believe that that is the proper reading of this court's determination on issue preclusion. Issue preclusion? You're precluding consideration of an alternative theory that would have been typed. You're not addressing the finality issue. If a claim hasn't been finally resolved adversely to the veteran, we don't review a veteran's court decision until the claim has been finally resolved. But in this context, Your Honor, what you're doing is permitting the board to bifurcate issues without authority. There is no legal authority for the board to bifurcate an issue once the issue is before them on TDIU, and they make a favorable disposition on that question of TDIU. But that is only a partially favorable. It's just like when the VA does not grant the maximum scheduler benefit. The veteran is entitled to appeal that to the veterans court and not have it subdivided out as to whether or not there is or is not an entitlement to the next higher rating. In this case, the next higher rating for Mr. Deschner would have been a TDIU in this year and a half period. Maybe that type of division can occur whenever you have an extra scheduler TDIU and a scheduler TDIU, because those are two different forms of relief. With respect, Your Honor, I do not believe that's an accurate reading of the regulation. I believe the accurate reading of the regulation is that A and B are simply to decide when there is no scheduler rating met at all. Then it must go to the director for a decision. But in this case, the veteran met the scheduler requirements by the decision of both the board and the veterans court to determine entitlement to that TDIU based upon the assignment of a 70% rating and TDIU. Once the scheduler requirements were met, there is no reason to send it back to have another VA decision maker who is separate and apart from the normal VA decision makers make a determination that is then separately appealable back. The only justification for that is delay. The issue is before... That may be correct, but the relief that you're seeking, you already received it. With respect, Your Honor, he did not. He did not get a decision on his entitlement to TDIU under all potentially applicable provisions of law. Before you sit down, just one clarifying question. When you say that these two conditions had a common ideology, you're not contending that they resulted from a single combat incident, just that both... No, that the phrase common ideology is broad enough to include a circumstance in which during the course of combat he experienced damage to his hearing. Different combat incidents. It could have been different, it could have been the same. Okay, all right. We'll give you two minutes for rebuttal. Let's see, Mr. Jordan. May it please the Court. This Court should dismiss... Is there a finality issue here? Yes, we believe there's a finality issue because there's a remand below with respect to 4.16B extra scheduler TDIU and also with PTSD in which the board could extend his effective date for PTSD back later, in which case he could potentially meet the scheduler threshold under 4.16A. I think Mr. Carpenter is arguing that the underlying facts for whatever is on remand or what's being reviewed right now has already been decided. So my understanding with respect to the Director of Compensation Services, which has been to the board and back, is that there's still fact-finding going on. According to a recent remand decision from 2023, there was some investigation as to whether or not in 2014 and 2015 Mr. Deschner was able to repair classic automobiles and had a clientele to do that, and that's been remanded for further factual finding because the ultimate inquiry on whether under 4.16B or A is whether or not he is employable or not. A simply requires a certain percentage threshold to be met, in which case the board can look at that, and then under B it's a different decider. It's the Director of Compensation Services. The underlying inquiry of employability is still at issue in both of those, and that's still subject to fact-finding as to whether or not in 2014 and 2015, the two years in which Mr. Deschner is seeking for TDIU eligibility is still being found with facts. And so there's still the possibility he'd get everything he's asking for with this remand with respect to PTSD and TDIU pursuant to 4.16B. And so we contend that this appeal is unripe at this time. So really both the requests under A and under B are both proceeding at the board or at the director level, correct? He could win on one or both of those. That's correct. And my understanding is that under the PTSD, in which case it's remanded to the board to see whether he gets an earlier effective date. So if he gets an effective date of 2014, he could meet that percentage threshold. So he gets an effective date of 60% or greater. Precise. At the earlier date. Okay, thank you. Yeah, and the board is concerned? I don't see that as raising a ripeness issue. It may raise a finality issue, but a claim can be ripe even if you have alternative theories presented elsewhere. I think it can be considered under the finality issues. Well, we framed it as a ripeness issue, but finality is certainly another way to get at that underlying situation. So when evaluating the fit, so for ripeness, what's relevant is the fitness of the issues for determination. And the first issue to consider is whether or not... A claim isn't lacking in ripeness just because you've got some alternative theory that will lead you to the same result. It's just not an issue of ripeness. It's an issue of finality, but it's not an issue of ripeness. So in our brief, we argued for ripeness as a matter of prudence and judicial economy as to why it's improper. We don't have the authority to refuse to adjudicate a case that's properly before us just because we think prudentially it would be better to wait. So I think one can reach the decision of finality just on that basis. We made additional arguments under the banner of ripeness, but certainly one can say this is not final and therefore we don't have jurisdiction. I think under Elkins v. Gober, one of the cases we cite, it stands for the proposition that if a claim is inextricably intertwined with something that's been remanded, there's no jurisdiction. And I think arguably the PTSD is inextricably intertwined with TDIU because his PTSD is presumably a basis for his unemployability and could meet the scheduler threshold under 4.16a that would enable the board to then look at the employability inquiry. So I think that's another basis to get at this result, that we have all these streams in terms of deciding the ultimate inquiry, which is TDIU, whether or not the veteran was employable in 2014 and 2015. And there's still fact-finding. There's still a lot of streams below, and this court cannot reach that issue at this time. Could you address your concession in the footnote at page 8 that Mr. Carpenter directed us to? What are you conceding, and does it have an impact on how we resolve this appeal? I disagree with Mr. Carpenter's characterization of the nature of that concession on page 8. Essentially what we're saying is, so in the Veterans Court decision, they find no error in terms of the effective date finding based off of the facts before them. They determined that it was not raised, this common etiology argument, which in the briefing appears to be a new argument that was not before the board. And so they decided on that basis. And then as an alternative argument, they said even if it had been raised under just the operation of 4.16, he would not meet the threshold. And we are not defending that alternative basis at this point in time. But just on the basis of failure to raise, we think the Veterans Court decision stands on its own, and the court need not deal with that alternative basis for rejecting the earlier event. It's the alternative basis that you're not defending that beginning in March 2015, he had a 50% PTSD rating and a 10% tinnitus rating. So if he's right about common etiology and that we would add those together as a single disability, then he would be eligible for TDIU as of March 2015. That's the part that the Veterans Court didn't bite at, but you're saying the Veterans Court was wrong on that. Do I understand correctly? That's correct, because if they're combined together, and they are in fact one disability, it would be 60%. And so we are not defending that part. And if we agree with you that the Veterans Court got that part wrong, does that impact what our disposition of this appeal should be? It would not, because the jurisdictional issues here are, one, whether or not this interpretation of common etiology in this court has jurisdiction. And clearly, the Veterans Court never reached that issue. They explicitly said we're not interpreting that. So a flawed interpretation as a basis for jurisdiction, that's not a way for Mr. Deschner to find jurisdiction in this court. To the extent it relies on the record raising this common etiology argument, the board didn't find that, the Veterans Court didn't find that. It explained its reasoning. It mentioned that there was a discussion of one disability in the briefs below, and there was a failure to respond, and they reviewed the record. And so to the extent the factual record shows entitlement or raised that is something this court is without jurisdiction. The only potential avenue, which it's unclear whether or not Mr. Deschner makes this argument in his brief, but charitably construing it, one could potentially see if there was an error of law for failure to interpret. However, the basis was the waiver argument, and the Veterans Court gave its reasons. It explained why he didn't raise it. And effectively, Mr. Deschner's arguing because he generally amorphously sought just higher TDIU, that therefore then encompasses this common etiology argument, which is it's not an error of law to find that. But the court only need address that if it rejects the rightness, finality, and jurisdictional arguments. So the reason that your concession doesn't end the relevance of this appeal is that it's only for part of the period, right? So the percentages would affect the 2015 time period. But not the earlier period. So Mr. Deschner's speaking from 2014 to 2016, so the Veterans Court's logic applies with respect to the first year. For the second year, we are not defending that, but the court need not address that issue because the Veterans Court decision ultimately rested on a waiver argument, the failure to raise. Mr. Carpenter says there was error by the board in essentially subdividing Mr. Deschner's claim. Can you respond to that argument? I don't quite understand the division. Basically, 4.16A and B are two paths to the same ultimate benefit of unemployability. And they remanded for B for extra scheduler compensation, and then they held that under A, he did not have this effective date. And in PTSD, which there are other reasons to get an effective date for PTSD, besides just TDIU, but TDIU could potentially be a product of getting that extra scheduler date and of that earlier effective date, and that's another path for him to arrive at a determination of employability. But this is all pending below, and I do not believe it was an error for there to be a remand with respect to extra scheduler and a remand with respect to PTSD, which is what happened. So because this appeal is not ripe, not final, this court should dismiss the appeal and then to the extent the court needs to reach the jurisdictional issues, it should also dismiss the appeal because no interpretation was made. And Mr. Deschner seems to be arguing, imploring this court to make an advisory opinion as to this definition of common ideology. But that is improper. The Veterans Court never opined or explicitly did not offer an interpretation. And so I believe it would not be proper for this court. I'm happy to answer any other questions in my remaining time. Robert Nussbaum Okay, thank you. Mr. Kerr, for your two minutes. If I could direct the court's attention to the basis for the decision by the board. The board said prior to June 14, appendix 64 in the board's decision, I'm sorry, Your Honor, and in appendix 64, the basis for the remand for TDIU prior to June 14, 2016, was that prior to that date, the veteran did not meet the scheduler requirements. And then it goes on to say that the board does not have jurisdiction to grant TDIU in the first instance. That is a misstatement of law, and that was the basis for the board's decision. The basis for the Veterans Court's decision is found in appendix 7. They affirmed the decision on the premise that upon fact-finding that Mr. Deschner had three disabilities requiring a 70% rating. That is simply a misinterpretation of 4.16 that has been conceded by the government to be a misinterpretation. There is no necessity to have the third disability, the non-compensable bilateral hearing loss, considered when combining PTSD and tinnitus for a single disability rated at 60%. That was the error of law made by the board, that was the error of law made by the Veterans Court, and this court has the power and the authority to correct that error of law. Thank you very much. Okay, thank you.